MARK NORRIS AND DORINDA N. SHEPARD v. WILLIAM E. GROVE, CIRCUIT JUDGE OF KENT COUNTY.

*Actions—Survival—Malpractice.*

Under 3 How. Stat. § 7397, which provides for the survival of actions for negligent injuries to the person, an action against a physician for negligent malpractice survives against his executors.

*Mandamus.* Argued April 3, 1894. Denied May 18, 1894.

Relators applied for *mandamus* to compel respondent to vacate an order allowing the amendment of a declaration in an action for malpractice sought to be revived against them, as executors. The facts are stated in the opinion.

*Mark Norris,* for relators.

*Turner, Turner & Turner* (*Turner & Carroll,* of counsel), for respondent.

McGRATH, C. J. The only question involved is whether, under our statutes, an action for negligent malpractice survives against personal representatives. The statute provides:

" If any person professing or holding himself out to be a physician or surgeon shall be guilty of any malpractice, an action on the case may be maintained against such person so professing, and the rules of the common law applicable to such actions against licensed physicians and surgeons shall be applicable to such actions on the case." How. Stat. § 7782.

Section 7397, as amended in 1885, provides for the survival of actions " for negligent injuries to the person." The relators contend (1) that by the latter act the Legis-

lature did not intend to include actions for malpractice; and (2) that the amendment to the general statute relative to the survival of actions cannot be held to be an implied amendment of the statute respecting actions for malpractice.

The latter contention is, we think, without force. The language of section 7782, making the rules of the common law applicable, has an office independent of the question of survival. Provisions conferring a remedy, and those which limit the time within which such remedy may be employed, and those which relate to survival, are rarely found in the same statute. The subjects are usually treated by independent acts.

The statute provides for the survival of all actions for negligent injuries to the person. The word " person " is evidently used in contradistinction to the word " property." It is true that the books speak of willful malpractice, negligent malpractice, and ignorant malpractice, but it is unnecessary to determine whether all actions for malpractice would survive under this statute. Shearman & Redfield (Neg. § 7) recognize the right of an injured party to elect to treat an act as negligent although it was in fact willful and malicious. Unless the injury be a negligent injury, the action does not survive; but it is no more difficult to determine that question in an action for malpractice than in any other action for injury to the person. The declaration in the present case alleges a negligent injury to the person, and we think the statute applies.

The writ must therefore be denied.

The other Justices concurred.