## MAY v. WILSON.

1. Limitation of Actions — Seduction — Personal Injuries — Words and Phrases—Statutes.

An action for seduction under a promise of marriage is barred, unless commenced within three years, by Act No. 155, Pub. Acts 1899, relating to actions for personal injuries.

2. Same—Words and Phrases.

A personal wrong is an invasion of a personal right; it pertains to the person, the individual, as contradistinguished from an injury to property.

3. Appeal and Error — Trial — Directing Verdict on Statement of Counsel.

The direction of a verdict, upon the opening statement of plaintiff's attorney, will not be reversed, on error, if no protest against the action of the court was made at the trial, and the attorney does not claim that he could make a stronger case by his evidence than he presented in the opening, which was insufficient to take the case out of the statute of limitations.

Error to Wayne; Donovan, J. Submitted October 28, 1910. (Docket No. 154.) Decided December 22, 1910.

Case by Clara May against Seneca C. Wilson for se-

duction under a promise of marriage. A judgment for defendant on a verdict directed by the court, is reviewed by plaintiff on writ of error. Affirmed.

*Thomas Hislop*, for appellant.

*George F.* and *Peter J. Monaghan*, for appellee.

BIRD, C. J. The defendant was apprehended on a capias to answer to plaintiff in an action on the case for having seduced her under promise of marriage. The case was begun on the 27th day of May, 1909. Defendant pleaded the general issue and gave notice of the statute of limitations. When the case came on for trial, plaintiff's counsel made his opening statement to the jury, in which he stated that the seduction occurred on the 24th day of June, 1905. The defendant's counsel then moved the court for a directed verdict for the reasons:

· (1) Because from the statement of counsel, that the seduction took place on the 24th day of June, 1905, the action is barred by the statute of limitations.

(2) Because another suit of like character was begun on the 7th day of March, 1906, and plaintiff was defaulted for failure to file her declaration within the time prescribed by the rules of court, and the court afterwards refused to set aside the default.

The trial court was of the opinion that both grounds were well taken and accordingly directed a verdict for defendant.

1. It is the claim of defendant that an action for seduction is an action for personal injuries, within the meaning of Act No. 155, Pub. Acts 1899, which reads as follows:

"SECTION 1. That no action shall hereafter be brought in any courts of this State to recover damages for personal injuries, unless the same shall be brought within three years from the occurrence upon which the claim for liability is founded.

"SEC. 2. All acts or parts of acts in anywise contravening any of the provisions of this act are hereby repealed."

Prior to the passage of this act, the statute of limitations applicable to actions of seduction was six years.   Section 9728, 3 Comp. Laws.   The question, then, is whether an action for seduction is an action for personal injuries.   If it is, it follows that the foregoing statute applies and the limitation on such actions is reduced to three years.

This court has said that, "a personal wrong or injury is an invasion of a personal right; it pertains to the person, the individual " (*People* v. *Quanstrom*, 93 Mich. 254 [53 N. W. 165, 17 L. R. A. 723]), as contradistinguished from injuries to property (*Norris* v. *Grove*, 100 Mich. 256 [58 N. W. 1006]).   The injury complained of by plaintiff in her declaration is one against her person, and the damages which she claims are traceable directly to that injury.   She alleges that by reason of the injury she has given birth to a child and has suffered great physical and mental pain and loss of health.   How could her injuries have been more of a personal nature if she had been run down by a street car and injured, and, as a consequence, been greatly injured in body and mind and suffered a loss of health ?

In *Hutcherson* v. *Durden*, 113 Ga. 987, 991 (39 S. E. 495, 496, 54 L. R. A. 811), the plaintiff brought an action to recover damages for the seduction of his daughter and upon the trial the same question was raised as is raised here.   The section of the Code relied upon was as follows :

" Actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to reputation, which shall be brought within one year."

When passing upon the question, the court said :

" It is, we think, therefore, evident that the meaning of the expression 'injuries to the person' as understood by the codifiers and within the scheme of classification adopted in the Code, was not confined to mere physical or bodily injuries, but embraces all actionable injuries to the individual himself, as distinguished from injuries to his

property. * * * We think, however, that section 3900 of the Civil Code of 1895, itself shows that the expression, 'injuries done to the person,' as therein used, includes not only injuries to the physical body, but every other injury for which an action may be brought, done to the individual and not to his property."

Other cases holding to the same effect are: *Garrison* v. *Burden*, 40 Ala. 513; *Hoover* v. *Palmer*, 80 N. C. 313.

As all the injuries complained of in this case, and which are usually complained of in cases of like kind, are personal to the plaintiff, we think it should be held that an action for seduction is an action for personal injuries, within the meaning of Act No. 155, Pub. Acts 1899. It would follow that the plaintiff's case is barred by the statute, and that the trial court was right in so holding.

2. We refrain from discussing the second ground of dismissal for want of a sufficient record of the proceedings of the former suit.

Error is assigned on the action of the trial court in directing a verdict for the defendant upon the opening statement of plaintiff's counsel. The record does not show that plaintiff entered any protest to the action of the court at the time and he makes no claim in this court that he did not state the case to the jury as strong as the witnesses would have stated it, if they had been permitted to testify. If the opening statement disclosed plaintiff's case as fully as it would have been disclosed had the witnesses testified, the case ought not to be reversed for that reason. In view of the fact that plaintiff fails to point out how his client's rights were prejudiced in any way by such action of the court, we think the assignment is not well taken. *Spicer* v. *Bonker*, 45 Mich. 630 (8 N. W. 518).

The case is affirmed, with costs.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred with BIRD, C. J.

HOOKER, J. I concur in the opinion of Mr. Justice BIRD, for the reasons stated therein and for the following

additional reason: Act No. 239, Pub. Acts 1909, was introduced, discussed, and passed by both houses under the following title, viz.:

"A bill to amend section 2 of chapter 140 of the Revised Statutes of 1846, entitled, 'Of the limitations of personal actions,' the same being compiler's section 9729 of the Compiled Laws of 1897, as amended by Act No. 168 of the Public Acts of 1905."

Both section 9729 and Act No. 168, which had a similar title, covered actions of assault and battery, false imprisonment, slander, and libel. The latter added actions for malpractice. It would seem to follow that a more comprehensive section was intended, rather than one limited to the class of actions popularly referred to by the term " personal injury cases." The title forbids the assumption that the last act was passed merely to cover such cases, and that in passing it there was no intention to affect the classes of cases covered by section 9729, and Act No. 168. Evidently the intention was to include all in the new act, and the term "personal injuries" should be given the broad construction contended for in defendant's brief. See *Williams* v. *Williams*, 20 Colo. 51 (37 Pac. 614); *Hutcherson* v. *Durden*, 113 Ga. 987 (39 S. E. 495, 54 L. R. A. 811); *Houston Printing Co.* v. *Dement*, 18 Tex. Civ. App. 30 (44 S. W. 558); *Martin* v. *Telegraph Co.*, 6 Tex. Civ. App. 619 (26 S. W. 136); *McMurtry* v. *Railroad Co.*, 84 Ky. 462 (1 S. W. 815); 3 Blackstone's Commentaries, p. 118. These cases are all cited in defendant's brief, but we include them here for convenient reference.

The judgment should be affirmed.

MOORE and STONE, JJ., concurred with HOOKER, J.