STOUT *v.* ANDERSON.

Limitation of Actions—Trespass for Assault and Battery.
Action of trespass for assault and battery, not brought within two years from time cause of action accrued, as required by 3 Comp. Laws 1915, § 12323, subd. 3, was properly dismissed.

Error to Kent; Dunham (Major L.), J. Submitted October 9, 1929. (Docket No. 37, Calendar No. 34,426.) Decided December 3, 1929.

Trespass by Forrest Stout against Joseph Anderson and others for assault and battery. From an order dismissing the declaration, plaintiff brings error. Affirmed.

*Roman F. Glocheski,* for plaintiff.

*Linsey, Shivel & Phelps,* for defendants.

SHARPE, J. The declaration, by which plaintiff's action was begun, reads as follows:

"Forrest Stout, plaintiff herein, by Roman F. Glocheski, his attorney, complains of Joseph Anderson, ——— Smith (first name unknown) and Thomas Stinson, defendants herein, in a plea of trespass, filing this declaration with rule to plead indorsed thereon, pursuant to the statute, as commencement of suit.

"For that the said defendants on, to-wit: the 19th day of August, 1925, with force and arms made an assault on the said plaintiff and then and there did beat, bruise, wound and illtreat the said plaintiff, by reason thereof the said plaintiff then and there became and was sick, sore, lame and disordered and so remained and continued for a long space of time, to-wit: three years, during all of which time the said plaintiff suffered and underwent great bodily pain and mental distress and was obliged and did undergo surgical and medical treatment and for a space of three years thereafter said plaintiff was thereby hindered and prevented from performing and transacting his necessary affairs and business, to-wit: the business of farming, whereby he lost great gains and profits which otherwise would have accrued to and been earned by him; and by reason of the premises the said plaintiff was thereby forced and obliged to and did necessarily pay, lay out and expend a large sum of money, to-wit: two hundred ($200) dollars in procuring medical attention and nursing and that this plaintiff is still sick, sore and disordered, and that he has and is now suffering from permanent injuries inflicted by the said defendants.

"That plaintiff's bridge in his nose is broken and it interferes with his breathing and that this plaintiff is informed that he will be obliged to undergo

a further surgical operation and that this plaintiff's eye is permanently injured, by reason of said assault, so that the vision is impaired and this plaintiff has practically lost the sight of said eye; and that this plaintiff will suffer in the future great bodily pain and great inconvenience and annoyance by reason of his permanent injuries, and other wrongs to the said plaintiff then and there did, against the peace of the people of the State of Michigan, and to the plaintiff's damage of ten thousand ($10,000) dollars, and therefore he brings suit.''

It was filed on August 16, 1928. Defendants moved to dismiss for the reason that the action, being one for assault and battery, was not brought within two years from the time the cause of action accrued, as required by subsection 3 of 3 Comp. Laws 1915, § 12323, since amended by Act No. 161, Pub. Acts 1927. Plaintiff claims that the action is one to recover damages for injury to his person and is governed by subsection 2 of said section, limiting the time for bringing same to three years. The cause of action set forth in the declaration is clearly one of trespass for assault and battery. It follows very closely the form prescribed therefor in 1 Abbott's Cyclopedia of Michigan Practice (2d Ed.), p. 69; 1 Green's Michigan Practice (3d Ed.), p. 477; Tiffany's Justice's Guide (10th Ed.), p. 872.

The judgment of dismissal is affirmed, with costs to appellees.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.