BAY STATE MILLING CO., *for use and benefit of* HARTFORD ACCIDENT & INDEMNITY CO., *v.* IZAK.

1. WORKMEN'S COMPENSATION — EMPLOYER-INSURER'S ACTION AGAINST TORTFEASOR—SUBROGATION.
   The right of an employer or his insurer to indemnity from tortfeasor for sums paid to employee under workmen's compensation act arising because of tort of another arises exclusively from the right of subrogation (2 Comp. Laws 1929, § 8454).

2. LIMITATION OF ACTIONS—WORKMEN'S COMPENSATION.
   The general statute of limitations applies to rights arising under the workmen's compensation act enforceable in an action at law (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

3. SAME—WORKMEN'S COMPENSATION—SUBROGATION—DIRECTED VERDICT.
   The three-year statute of limitations interposed in action for damages for personal injuries barred recovery by employer-insurer who had paid workmen's compensation to injured employee for injuries sustained by latter, because of defendants' alleged negligence, where action was not brought until more than three years after accident, since the indemnity arises ex-

clusively from the right of subrogation and ·is limited to amount of compensation paid, hence defendants' motion for directed verdict was properly granted (Comp. Laws 1929, § 8454; § 13976, as amended by Act No. 72, Pub. Acts 1941).

Appeal from Wayne; Friedman (William), J. Submitted January 9, 1945. (Docket No. 60, Calendar No. 42,709.) Decided February 20, 1945.

Action by Bay State Milling Company, a corporation, for the use and benefit of the Hartford Accident & Indemnity Company, against Paul Izak and Anheuser-Busch, Inc., for workmen's compensation paid on account of personal injuries sustained by one Silas V. Thomas while in employ of plaintiff. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Knight & Panzer,* for plaintiff.

*Maurice Miller,* for defendant Anheuser-Busch, Inc.

BUTZEL, J.   Silas V. Thomas, an employee of the Bay State Milling Company, on January 21, 1939, met with a compensable accident, due, as he alleges, to the negligence of Anheuser-Busch, Inc., and Paul Izak, the driver of the latter's truck, defendants herein. He sought compensation from his employer. The Hartford Accident & Indemnity Company, the insurer of the Milling Company, and in its behalf, paid to Mr. Thomas large sums for the workmen's compensation awards which included an amount for redemption of liability and also for medical and hospital ·expenses.   On June 10, 1942, more than three years from the date of the accident, Bay State Milling Company, for the use and benefit of the Hartford Accident & Indemnity Company, plaintiff

as described herein, brought a common-law action of trespass on the case and assumpsit against Anheuser-Busch, Inc., and Paul Izak, defendants. The judge directed a verdict for defendants on the ground that plaintiff was subrogated only to the right of Silas V. Thomas, the injured employee; that an action to recover damages for injuries to person or property must be brought within three years from the time said action accrues. 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1944 Cum. Supp. § 27.605). The suit was brought after the statutory period had elapsed. The sole question is whether the statute of limitations had run against the claim at the time the action was begun. Plaintiff claims that no action could arise until there was a compensation award, and that the statutory three years began to run from the time of the payment of the award. Plaintiff further claims that the defendants under the law are indemnitors and that it is the indemnitee; and that it had six years in which to bring the action. Plaintiff relies on some decisions in other jurisdictions. Defendants cite many decisions in other States upholding their claim that the three-year statute applies. It is unnecessary to discuss these cases or go far afield as the question has been settled in this State. In *Albert A. Albrecht Co.* v. *Whitehead & Kales Iron Works,* 200 Mich. 109, we approved of the following language in *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich. 518, referring to a similar relationship and rights of parties:

"This case involves a relationship of indemnitee and indemnitor in which a liability over is placed upon the original tortfeasor whose negligence caused the injury, a relation which may be created by con-

tract or legislation for protection of the party, who, though not actively guilty of a tort, may, by law, be liable therefor to the injured party."

It is conceded that the employer-insurer may not collect from a third party tortfeasor more than the amount of compensation paid to the employee. We find that the right to indemnity arises exclusively from the right of subrogation. We have heretofore held that "the statute confers the right by way of subrogation."* *Michigan Employers Casualty Co. v. Doucette,* 218 Mich. 363. In *Buzzn* v. *Muncey Cartage Co.,* 248 Mich. 64, we stated that there was nothing in the workmen's compensation act which would justify an inference that the existing statute of limitations does not apply to the rights accruing under the act. While this case referred to a different section of the act, the principle applies to the entire act. In *Utley* v. *Taylor & Gaskin, Inc.,* 305 Mich. 561, we held that the plaintiff-employer stood in the shoes of the injured employee and quoted with approval from the earlier case of *Michigan Employers Casualty Co.* v. *Doucette, supra.* There is nothing in the act or its title that amends the statute of limitations which forbids the prosecution of stale claims. It is founded upon sound reasoning and recognizes the difficulty in obtaining proofs, perpetuating the testimony, et cetera, after the elapse of the designated period. The trial court was correct in directing a verdict for defendants. ·

Judgment affirmed, with costs to defendants.

Starr, C. J., and North, Wiest, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189).—Reporter.