TALBOT *v.* STOLLER.

1. PLEADING—CONSTRUCTION.
   A pleading must be construed as an entirety.

2. LIMITATION OF ACTIONS—AMENDMENT OF PLEADING—MALPRACTICE.
   Amendment of declaration in action for malpractice whereby plaintiff sought to add that defendant without need or necessity therefor and without first making adequate blood and other studies to determine that plaintiff could not take oral iron when defendant knew or should have known of the dangers involved including sarcoma and that the injection used has carcinogenic properties or tendencies which subjected plaintiff to the danger of sarcoma induction *held*, not merely amplifications of the original cause of action that by administering a certain drug that disfigurement resulted, since there is a new claim of negligence and the injuries alleged are different, hence, not permissible after expiration of the period in which action for malpractice may be brought (CLS 1956, § 609.13, subd 3).

3. SAME—AMENDMENT OF PLEADING.
   The amendment of a pleading, which states a new cause of action, may not be made after the expiration of the period within which such action may be commenced (CLS 1956, § 609.13).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted October 17, 1961. (Docket No. 85, Calendar No. 49,109.) Decided May 17, 1962.

Case by Georgina Talbot against Raymond Stoller, Ray Stoller, and Irvin J. Kurtz, copartners doing business as Redford Medical Center, and Raymond Henkin for malpractice. Plaintiff's motion for leave

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 34 Am Jur, Limitation of Actions §§ 447–449.
41 Am Jur, Physicians and Surgeons §§ 122–124.
41 Am Jur, Pleading § 304.

to file amendments to declaration denied. Plaintiff appeals. Affirmed.

*Markle & Markle,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant Raymond Stoller.

OTIS M. SMITH, J.   Leave to appeal was granted from an order denying plaintiff's motion to file an amendment to her declaration. The trial judge ruled that the proposed amendment stated a new cause of action and hence is barred by the statute of limitations.

The declaration charges the defendants with negligence and malpractice which allegedly occurred during the month of April, 1958. The limitation on actions for malpractice is 2 years. CLS 1956, § 609.13, subd 3 (Stat Ann 1959 Cum Supp § 27.605, subd 3).

At the pretrial hearing on August 22, 1960, plaintiff requested permission to file an amendment to her declaration, which plaintiff claimed would do no more than make more specific the charges already presented in her declaration.

. The portions which plaintiff sought to add by amendment are italicized in the paragraphs set forth below; the balance of the paragraphs and of the declaration would remain unchanged.

"6. That notwithstanding his duties the defendant Raymond Stoller did carelessly prescribe and negligently administer the aforesaid injections and treatment to plaintiff *without need or necessity therefor and without first making adequate blood and other studies to determine that plaintiff could not take oral iron when defendant knew or should have known of the dangers involved, including the danger of sarcoma;* and he did fail to heed and fol-

low the warnings, directions, and instructions of the manufacturer concerning the use of the said preparation 'Imferon'; and he did permit untrained and incompetent and improperly advised nurses, assistants or employees to administer hypodermic injections into plaintiff's arm; contrary to the plain warnings, directions and instructions of the manufacturer of the preparation used."

The second of the 2 paragraphs which plaintiff sought to amend would appear as follows:

"11. That as a direct and proximate result of the lack of care and skill of defendants Raymond Stoller, and Ray Stoller and Irvin J. Kurtz, co-partners, doing business as Redford Medical Center, and Raymond Henkin, M.D., their agents, servants and employees, as aforesaid, plaintiff has suffered a large and disfiguring area of discoloration on her upper right arm measuring approximately 4 by 3 inches which will in all probability be permanent; and which has caused and will ever cause her to be deprived of many pleasures and amenities of life and to suffer extreme shame and humiliation; *and that 'Imferon' has carcinogenic properties or tendencies and that plaintiff is subjected to the danger of sarcoma induction and the mental anguish attendant therewith.*"

The question presented is whether or not the italicized material states a new cause of action which is barred by the statute of limitations. Appellant concedes that if the proposed amendments constitute a new cause of action they are barred by the statute.

Appellant contends that the proposed amendments do not constitute a new cause of action because they are explanatory of the same controversy and injury. She says that the cause of action is the controversy or the injury. On the other hand, appellees argue that the cause of action is the related sequence of wrongful acts or omissions which are the proximate

cause of damage or injury. Appellees claim that the theory of the amendments is different from that of the original declaration and likewise the evidence required to support it.

Appellant cites many cases in support of his position. We think, however, that it would serve no useful purpose to list all such cases and the reasons why we think they are not controlling. Appellant places great reliance on our decision in the case of *Muskegon Hardware & Supply Company* v. *Green*, 343 Mich 340. In this case, the compensation carrier sued the defendant who was alleged to be responsible for the employee's injuries. After the statute of limitations had run, the widow and administrator of the deceased employee's estate were added as additional parties plaintiff. This Court said (pp 346, 347):

"The primary question in this case is whether the addition of the parties added a new cause of action barred by the statute of limitations. From the quoted provisions of the statute it is apparent that the addition of the employee or his dependents or his personal representative neither changes nor unduly enlarges upon the liability of the defendant to the employer or insurer, or at all. The entire question arose out of a single occurrence—the death of George E. Eggers as a result of the alleged negligence of the defendant. The extent of recovery permitted by the act, the theory of the action, the issues, the evidence, the measure of damages and amount of recovery, as well as the final disposition of the proceeds can be the same whether the employee or his dependents or personal representative are parties or not. Therefore a new cause of action was not added and the amendment dates back to the date of the institution of the suit."

Appellant reads the *Muskegon Hardware & Supply Company Case* to mean that the test of whether

an amendment states a new cause of action depends upon whether or not it is the same injury rather than whether plaintiff presents a different theory. She says, as in the *Muskegon Hardware & Supply Company Case,* the entire question in the instant case "arose out of a single occurrence", the injections of "Imferon" "as a result of the alleged negligence", and of malpractice of the defendants. It is obvious that the "single occurrence" which the *Muskegon Case* refers to is not only the death of George E. Eggers, which was the injury in that case, but also that the death was a result of the alleged negligence of the defendant. This was the cause of action. The case also sets out the various tests which were used to determine whether or not the proposed addition of new parties stated a new cause of action. It stated that the extent of recovery, the theory of the action, the issues, the evidence, the measure of damages and amount of recovery, as well as the disposition of the proceeds, could be the same and for that reason a new cause of action was not added by the amendment.

In determining what is appellant's cause of action as stated in the declaration without the proposed amendments, we bear in mind that a pleading must be construed as an entirety. It is clear that appellant rested her claim on the alleged negligence of the defendants in failing to use reasonable care and skill in her treatment; that there was a failure to heed the warnings, directions, and instructions of the manufacturer concerning the use and administering of said preparation Imferon, and in the failure to select, hire, and to instruct medical assistants who could administer Imferon in a skillful and careful manner. What is of especial note is that 1 of the elements of negligence which the appellant stated in her declaration was the failure on the part of the defendants or their agents or employees to warn the

appellant of the possibility of disfigurement. All of the allegations of negligence should be read in connection with what the appellant originally claimed as her injury, that is, disfigurement and the consequent shame and humiliation. This points up appellant's original theory.

Appellant would now have us conclude that the amendments cited above, in context, are but amplifications of the original cause of action. This, we are unable to do. It seems quite clear that appellant's original theory of the case cannot be reconciled with the proposed amendments. The original theory is that by negligently administering the drug Imferon, disfigurement, shame, and humiliation resulted. The proposed amendments would inject into the case a new theory that there was no necessity for the injections in the first place, which the appellees should have known. As a result of this alleged negligence, there is a claim that the appellant is subjected to the danger of sarcoma induction and that the injury is the mental anguish which the appellant will suffer as a result of an awareness of this possibility. Even when viewed from appellant's theory that the injury is the cause of action, it would seem that her appeal would have to fail because the injuries alleged are different. By the other test, emphasized in the *Muskegon Hardware & Supply Company Case,* the amendments cannot be allowed. Certainly, the theory of the action, the issues, the evidence, and the measure of damages would not be the same if the amendments were allowed. See *Stowe* v. *May,* 247 Mich 566.

A similar situation was before the Court in *Bockoff* v. *Curtis,* 241 Mich 553. The declaration in that case claimed unskillful and negligent treatment by the injection of alcohol into the sciatic nerve. The proposed amendment was based on the failure to advise the patient of the possible consequences of the

treatment. This Court said (p 558): "That the 'second theory' of the plaintiff, as stated by the court, did state a cause of action different in the nature of the liability and of the proofs needed to support it from that stated in the declaration, quoted above, cannot be doubted." We conclude in the instant case that the proposed amendments are different in the nature of the liability and of the proofs needed to support them, and therefore a new cause of action was stated, which is barred by the statute of limitations.

Affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

ADAMS, J., took no part in the decision of this case.