STATE MUTUAL CYCLONE INSURANCE COMPANY
*v.* O & A ELECTRIC COOPERATIVE.

PIONEER MUTUAL INSURANCE COMPANY *v.* SAME.

OPINION OF THE COURT.

1. LIMITATION OF ACTIONS—INJURY TO PERSON OR PROPERTY—CONTRACTS.

Action to recover damages for injury to person or property must be commenced within 3 years and is barred by statute of limitations thereafter, irrespective of how the plaintiff proceeds to seek recovery and regardless of whether the injury arises out of a contractual relationship of the parties, express or implied (CLS 1961, § 600.5805).

DISSENTING OPINION.

T. M. KAVANAGH, O'HARA, and ADAMS, JJ.

2. LIMITATION OF ACTIONS—TORT—CONTRACT.

*Plaintiffs' actions for damages to property resulting from breach of implied undertaking in contract to supply electricity should not be barred by 3-year-limitation provision applicable to actions for injury to property where, on the face of complaints, plaintiffs relied upon contract damage remedy and statute prescribes 6-year period of limitation for actions founded on contract express or implied (CLS 1961, §§ 600.5805, 600-.5807).*

Appeal from Court of Appeals, Division 3, Burns, P. J., and Fitzgerald and T. G. Kavanagh, JJ., reversing Newaygo, Van Domelen (Harold), J. Submitted December 5, 1967. (Calendar No. 37, Docket Nos. 51,678, 51,679.) Decided October 21, 1968.

5 Mich App 452, reversed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 34 Am Jur, Limitation of Actions §§ 73, 93, 105.

(318)

Complaint by State Mutual Cyclone Insurance Company, a Michigan corporation, as subrogee of Charles A. Baker and Ruth M. Baker, against O & A Electric Cooperative, a nonprofit Michigan corporation, for value of cattle destroyed by electricity supplied by defendant (No. 51,678).

Similar complaint by Pioneer Mutual Insurance Company, a Michigan corporation, subrogee of Albert A. Zimmerman, Mary Lou Zimmerman, and Eldon Zimmerman, against same defendant (No. 51,679).

Wolverine Electric Cooperative, a nonprofit Michigan corporation, made third-party defendant on third-party complaint of defendant.

Accelerated judgment for all defendants against plaintiffs. Plaintiffs appealed to Court of Appeals. Reversed and remanded for further proceedings. Defendant and third-party defendant appeal. Court of Appeals reversed, and trial court affirmed.

*Riseman, Lemke & Piotrowski (Carl M. Riseman,* of counsel), for plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant and third-party plaintiff.

*Hillman, Baxter & Hammond,* for third-party defendant.

KELLY, J. The question presented is whether we affirm the trial court's decision that the 3-year statute of limitations barred plaintiffs' claims, or the Court of Appeals' holding (5 Mich App 452) that

the 6-year statute is applicable and plaintiffs' causes should not have been dismissed.

Plaintiff State Mutual Cyclone Insurance Company, on July 15, 1964, filed the following complaint:

"1. That the plaintiff, State Mutual Cyclone Insurance Company, is a Michigan insurance corporation, doing business in the State of Michigan, and the assignors of the plaintiff, Charles A. Baker and Ruth M. Baker, are residents of Hersey township, Osceola county, Michigan. That the defendant is a Michigan nonprofit corporation with principal place of business in Newaygo county, Michigan, and is in the business of supplying electric current to various customers throughout Osceola county and other adjoining areas.

"2. That previous to the 10th day of May, 1961, the defendant agreed to sell to plaintiff's assignors electric current to be used for lighting and power purposes on the farm belonging to the plaintiff's assignors.

"3. It was the agreement on the part of the defendant to the plaintiff that it would supply such current and the current would be supplied in quantities to serve the purposes of light and power in voltages acceptable to the use of such appliances owned by the plaintiff's assignors either of 110-volt or 220-volt current.

"4. That on the 10th day of May, 1961, the defendant supplied to the lines entering the property of the plaintiff's assignors current in much greater voltages than that agreed upon by the parties, which current when so supplied was unusable and very dangerous, which caused damage to the plaintiff's assignors' premises.

"5. That this supplying of such excessive surges of electric current in contravention of the contract between the plaintiff's assignors and the defendant caused the death of 10 head of the plaintiff's assignors' cattle.

"6. That the plaintiff as insurers of the plaintiff's assignors paid to the plaintiff's assignors $3,350 in payment for said cattle and took an assignment from the assignors to this plaintiff.   *   *   *

"7. That the special damage incurred by the assignors included the loss of 10 head of cattle."

Plaintiff Pioneer Mutual Insurance Company, on the same date, filed a similar complaint, with the exception that it alleged that it had paid its assignors, Albert A. Zimmerman, Mary Lou Zimmerman, and Eldon Zimmerman, $3,850 as compensation for their loss of 11 head of cattle.

Defendant O & A Electric Cooperative filed two third-party complaints against Wolverine Electric Cooperative, alleging that Wolverine contracted to maintain the necessary switching and protective equipment so that O & A Electric could furnish proper electric power to the Baker and Zimmerman farms, and asked judgment against Wolverine Electric Cooperative for any sum which may be recovered by plaintiffs against defendant. A motion was made for accelerated judgment in each case.

The cases were consolidated at pretrial.

The trial court, relying upon *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233; and *Baatz* v. *Smith* (1960), 361 Mich 68, concluded its written opinion as follows:

"It is the opinion of this court that defendants have timely raised the defense of the statute of limitations as set out in CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805);[1] that plaintiffs seek re-

---

[1] "No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

covery for injury to personal property; that plaintiffs have failed to commence their actions within three years of May 10, 1961, when their actions accrued; and that plaintiffs' actions are barred by said statute of limitations.

"Therefore, defendants' motion for accelerated judgment in each of these cases is hereby granted."

In *Coates* v. *Milner, supra,* plaintiff sued the hotel for damages sustained when assaulted by another guest of the hotel, claiming damages because of breach of an implied contract to protect plaintiff against intrusion. The question presented was whether an action to recover damages for personal injuries was subject to the 3-year limitation statute (CLS 1943, § 13976; Stat Ann 1944 Cum Supp § 27.605). This Court answered in the affirmative.

In *Baatz* v. *Smith, supra,* plaintiff claimed damages in assumpsit against a hotel for injuries caused by a former guest who exploded dynamite in the hotel, injuring plaintiff. We held that the 3-year statute of limitations controlled.

In a written opinion, the Court of Appeals first set forth CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805), quoted above, which the trial court held was applicable, and then CLS 1961, § 600.5807 (Stat Ann 1962 Rev § 27A.5807),[2] and stated:

---

"(3) The period of limitations is 2 years for actions charging malpractice.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

2 "No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to

"From a reading of these statutes we are convinced that the first was intended to apply to tort actions and the second to apply to contract actions."

The Court of Appeals then called attention to the fact that a party injured by a breach of an express contract involving negligence may waive his contract action and sue in tort, that *Coates* and *Baatz* were not controlling because they were assumpsit actions based upon implied contract, and concluded (p 459):

"We perceive the rule to be that where an action is brought to recover damages for injury to person or property on a claim arising out of a tort or an implied contract the 3-year statute applies. If an action is brought on an express contract the 6-year statute applies, even though damages are sought for injuries to person or property."

The Court of Appeals did not cite a single Michigan case, or a case from any other jurisdiction, in

himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations on actions charging any surety on any bond of any executor, administrator, guardian is 4 years after the discharge of the executor, administrator, or guardian.

"(2) The period of limitations is 10 years for actions founded upon bonds of public officers.

"(3) The period of limitations on actions founded upon bonds executed under sections 41.80 and 41.81 of the Compiled Laws of 1948, is 2 years after the expiration of the year for which the constable was elected.

"(4) The period of limitations is 10 years for actions founded upon covenants in deeds and mortgages of real estate.

"(5) The period of limitations is 2 years for actions charging any surety for costs.

"(6) The period of limitations is 2 years for actions brought on bonds or recognizances given on appeal from any court in this state.

"(7) The period of limitations is 10 years for actions on bonds, notes, or other like instruments which are the direct or indirect obligation of, or were issued by although not the obligation of, the state of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation in the state of Michigan.

"(8) The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

support of its conclusion, and its decision is *contra* to the great majority rule in the United States.[3]

When this Court decided *Baatz,* we stated that if a plaintiff seeks recovery for damages for injury to person or property the 3-year rule applies irrespective of how plaintiff proceeded to seek such recovery, and we said (pp 70, 71):

"Plaintiffs suggest that *Coates* should be re-evaluated and overruled. The only question is the meaning of the statutory language. It limits, in express and plain words, to 3 years, actions to recover damages for injuries to person. Such was the nature of the action in *Coates.* The statutory language permitted of no other holding in the case. It was right then. It still is. And so, here, whether brought in tort or assumpsit, these are actions to recover damages for injuries to person. Accordingly, the 3-year limitation applies."

When we compare the statute in effect when the *Baatz* decision was handed down, which provided:

"Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards,"[4]

with the same thought expressed in the rule-written version in the 1961 revised judicature act (set forth above and applicable in this case), it becomes apparent that the legislature expressed approval of this Court's decision in *Baatz* to the effect that it makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within

---

[3] 34 Am Jur, Limitations of Actions, § 103, pp 83, 84; 53 CJS, Limitations of Actions, § 74, pp 1042, 1044; 1 ALR, p 1313; 62 ALR, p 1417, and 157 ALR, pp 763, 766.

[4] CLS 1956, § 609.13 (Stat Ann 1957 Cum Supp § 27.605).—RE-PORTER.

the 3-year limitation rule. There is a total absence of any legislative mandate or thought that we distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract, as called for by the Court of Appeals opinion.

The trial court, the Court of Appeals, and this Court agree that plaintiffs are seeking a recovery for damages to property. Therefore, we find that the trial court properly applied the 3-year rule, and reverse the Court of Appeals. Costs to appellants.

DETHMERS, C. J., and BLACK and T. E. BRENNAN, JJ., concurred with KELLY, J.

ADAMS, J. (*dissenting*). I do not agree with Justice KELLY that the *Coates* and *Baatz Cases* are binding precedent disposing of this appeal.

The first Michigan statute of limitations, 1 Territorial Laws of Michigan, pages 628 and 629, was adopted May 15, 1820. See *Lastly* v. *Cramer* (1846), 2 Doug (Mich) 307, 310. In general, under territorial law, actions of account, debt, case, trespass, detinue, and replevin were required to be brought within six years after the cause of action accrued; actions of assault, menace, battery, wounding or imprisonment within three years; and actions for slander within two years.

In the Revised Statutes of 1846, the provisions on limitations of actions are divided into two chapters—chapter 139 relating to real property and chapter 140 covering the limitations of personal actions. The general period of limitation fixed by RS 1846, chap 140, § 1, was six years and specifically covered all actions of debt founded upon any contract or liability not under seal; all actions upon judgments rendered in any court; all actions for

arrears of rent; actions of assumpsit, or upon the case, founded upon any contract or liability, expressed or implied; actions for waste; actions of replevin and trover and all other actions for taking, detaining or injuring goods or chattels; all other actions on the case, except actions for slanderous words or for libels. RS 1846, chap 140, § 2, covered actions for trespass upon land, assault and battery, false imprisonment, slander and libel, and fixed the limitation period at two years. RS 1846, chap 140, § 7, provided generally that all personal actions on any contract shall be brought within 10 years after the cause of action accrued. These provisions of the Revised Statutes were carried forward without change into the Compiled Laws of 1897 as sections 9728, 9729, and 9734.

In applying the appropriate limitation under those statutes, it was the position of this Court that: *"The statute does not fix the bar by the cause of action, but by the form of action."* *Christy* v. *Farlin* (1882), 49 Mich 319. (Emphasis added.)

In 1899, the legislature, without referring in the title of the act to the amendment of any statutory section, enacted PA 1899, No 155, which provided in section 1 that no action shall be brought to recover damages for personal injuries unless brought within three years from the occurrence upon which the claim for liability was founded. Section 2 repealed all acts or parts of acts contravening the provisions of Act No 155. As introduced by Representative Duff, the bill was entitled "A bill limiting the time in which actions may be brought to recover damages for personal injuries against any municipal or other corporation." Journal of the House, February 20, 1899, page 508. It was amended by the committee on judiciary and reported to the

House in the form in which it was ultimately enacted.

With the enactment of this law, a wholly new concept in Michigan jurisprudence as to statutes of limitation was placed upon the law books—the test (as we shall see) was eventually adjudicated by this Court to be *the nature of the cause of action and not the form of action.* However, because a statute of limitations based upon the nature of the cause of action rather than the form of action was a departure from traditional methods of pleading, this Court's decisions sometimes went off on one ground and sometimes on another.

In *Colling* v. *McGregor* (1906), 144 Mich 651, a suit was brought by the administratrix to recover damages for personal injuries sustained by decedent on June 27, 1901, resulting in death the following day. The summons was returned unserved and was filed June 29, 1904. The trial court, relying upon PA 1899, No 155, ruled that the statute of limitations was an absolute bar to plaintiff's right of action. On appeal, the administratrix argued that, as the cause of action survived and passed to her as administratrix, the running of the statute was suspended from the death of her husband until her appointment as administratrix because of the provisions of Compiled Laws 1897, § 9737. This Court said (p 653):

"The causes of action in these [cited] cases all occurred before the passage of Act No. 155, Public Acts 1899. This act does not make an exception in favor of causes of action which survive, and as it was competent for the legislature to pass such a law we think its provisions are controlling."

PA 1899, No 155, was again considered in *May* v. *Wilson* (1910), 164 Mich 26, where it was held that an action for seduction under a promise of mar-

riage was an action for personal injuries and therefore barred under the act unless commenced within three years.

The judicature act of 1915 (PA 1915, No 314) expressly repealed PA 1899, No 155, but incorporated its provisions (enlarged to include property) in chapter 9, § 13 by this language:

"Sec. 13. All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: Provided, however, "1. * * *

"2. Actions to recover damages for injuries to person or property shall be brought within three years from the time said actions accrue, and not afterwards."[1]

The judicature act of 1915, as amended, did not contain a specific period of limitation for actions for damages for breach of contract and, consequently, it was recognized that the general statute, which fixed the period at six years, governed in such cases unless the facts disclosed injuries to person or property or trespass upon lands. Cases applying the six-year period to actions of breach of contract are: *Wasyluk* v. *Lubienski* (1928), 244 Mich 695; *Abbott* v. *Michigan State Industries* (1942), 303 Mich 575 (where it was said the six-year statute applies equally to express or implied contracts); *Barry* v. *Detroit Terminal Railroad Company* (1943), 307 Mich 226.

Another provision of the judicature act of 1915 had the practical effect of dividing the causes of action for damages into two classes, namely, actions on contract, and actions for tort.[2]

---

[1] It appears in this form in CL 1915, § 12323, and in CL 1929, § 13976.

[2] That this was the intention of the drafters of the act, see 13 Michigan Law Review, pages 239, 240; 14 Michigan Law Review,

Amendment was made to chapter 9, § 13, subsection 2, of the judicature act by PA 1937, No 193, to include actions for trespass upon lands. As the provision appears in section 609.13 of the Compiled Laws of 1948, it reads:

"Sec. 13. All actions in any of the courts of this state shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: Provided, however,
"1. * * *
"2. Actions to recover damages for injuries to person or property *and actions for trespass upon lands* shall be brought within 3 years from the time said actions accrue, and not afterwards."

It must be stressed that this three-year limitation is stated as an exception to the general limitation of six years, without making distinction between actions on contract or actions for tort. Nothing in this wording or in the other provisions of section 609.13 indicates a contrary legislative intent or an intent to depart from the omnibus character of the original act of 1899.

The first case in point under the judicature act of 1915 is *Stout* v. *Anderson* (1929), 248 Mich 598. A declaration was filed August 16, 1928, alleging assault and battery committed August 19, 1925. This Court held the cause of action set forth in the declaration was one of trespass for assault and battery governed by the two-year statute of limitations and rejected plaintiff's claim that the action was one to recover damages for injury to his person for which the period of limitation was three years.

This Court refused to follow *Colling, supra,* in *Szydelko* v. *Smith's Estate* (1932), 259 Mich 519,

page 383. The provision reads: "The following actions at law are retained, namely, actions of assumpsit, trespass on the case, replevin, ejectment, certiorari, mandamus and quo warranto." Chapter 11, § 1,

523, but in so doing apparently overlooked the fact that the language of the act of 1899 had been continued in substance by the judicature act of 1915 and appeared in the Compiled Laws of 1929, § 13976.

*Sweet* v. *Shreve* (1933), 262 Mich 432, was an action for damages for fraud in the exchange of real estate. The purchase price and amount of down payment had been fraudulently increased and misrepresented to induce the plaintiffs to exchange property with defendants. One of the defenses raised at the trial was the claim that the action was outlawed because more than three years had elapsed since the fraud occurred. It was contended that the action was one based on injury to property and accordingly must be brought within the three-year period prescribed by subsection 2 of 3 Compiled Laws 1929, § 13976. The Court said (p 435):

"We do not believe that the present action constitutes one for injuries to person or property. It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants. Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in section 13976. (citations omitted)  *  *  *  We believe the correct rule to be that, where the damages claimed are not for injuries to specific property, subsection 2 of 3 Comp Laws 1929, § 13976, does not apply, but the action may be brought within the general six-year provisions in 3 Comp Laws 1929, § 13976."

In *Soule* v. *Grimshaw* (1933), 262 Mich 504, it was held that the statutory sections of the law of the road requiring vehicles to turn to the right on meeting and limiting to one year the time for commencement of actions for recovery of damages arising out of the collision of automobiles where one of the vehicles was on the wrong side of the road was impliedly repealed by the uniform motor ve-

hicle act of 1927.[3]   Consequently, said the Court (p 506): "The general statute of limitations, 3 Comp Laws 1929, § 13976, providing a limitation of three years, is applicable."

In *Hurst* v. *Charron* (1934), 267 Mich 210, plaintiff sued the sheriff of Muskegon county, claiming that the sheriff had falsely imprisoned the plaintiff. The trial court directed a verdict for the sheriff on the ground that the two-year statute of limitations had run and plaintiff's cause of action was barred.   Plaintiff argued on appeal that the suit having also been brought against the surety upon the bond, the form of action, not the cause of action, governed the running of the statute of limitations and consequently the 10-year period applied instead of the two-year period.   The Court said (p 214):

"We are governed by the statute in force, which fixes the running of the statute of limitations from the time the cause of action accrues.   The form of action is immaterial.   The question is when plaintiff's cause of action accrued.   It accrued April 11, 1931; against the sheriff of the county of Muskegon; by reason of the sheriff's misconduct in office—the alleged false imprisonment of plaintiff."

*Bay State Milling Co.* v. *Izak* (1945), 310 Mich 601, was an action by the Milling Company for the use and benefit of Hartford Accident & Indemnity Co., its workmen's compensation carrier, against Anheuser-Busch, Inc., and Paul Izak.   Hartford had paid compensation and medical and hospital expenses for the Milling Company to Silas Thomas, its employee.   He was injured in an accident involving defendant's truck while driven by Izak. More than three years after the accident, suit was commenced as a common-law action of trespass on the case and assumpsit against the brewing com-

---

[3] PA 1927, No 318 (CL 1948, § 256.301 *et seq.*).—REPORTER.

pany and its truck driver. The trial judge directed
a verdict for the defendants on the ground that the
plaintiff was subrogated only to the rights of
Thomas, the injured employee, and that an action
to recover damages for injuries to person or prop-
erty must be brought within three years from the
time the action accrued. Plaintiff claimed that no
action could arise until there was a compensation
award, and that the statutory three years, if appli-
cable, began to run from the time of payment of
the award. Plaintiff further claimed that the de-
fendants were indemnitors with the plaintiff the
indemnitee, and consequently plaintiff had six years
in which to bring its action. This Court declared
that the right to indemnity arises under the statute
exclusively from the right of subrogation. It held
that there was nothing in the workmen's compen-
sation act which would justify an inference that
the existing statute of limitations did not apply to
rights accruing under the workmen's compensation
act and upheld the trial judge in directing a verdict
and judgment for the defendants.

In *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich
233, suit was commenced as an action of trespass
on the case against the Milner Hotel Company.
Plaintiff pled in the first count that, because of the
negligence of defendant, her hotel room was entered
on June 17, 1938, by one John Doe while under the
influence of liquor and that he violently assaulted
her. In a second count, she claimed damages be-
cause of breach of an implied contract to protect
her against intrusion while in the peaceful and quiet
enjoyment of her hotel room. The trial judge
quashed the service of the declaration and an amend-
ed declaration. On appeal, this Court stated the
issue to be (p 238):

"Is an action to recover damages for personal injuries upon an implied contract theory subject to the three-year limitation?"

The Court answered the question by stating (p 239):

"The better rule to be that actions for personal injuries, resulting from negligence although arising out of a breach of implied contract, are controlled by the statutory limitation of actions upon damages for injuries to the person, which in this State is three years from the time such actions accrue, and not afterwards."

*Baatz* v. *Smith* (1960), 361 Mich 68, involved three actions in assumpsit by separate plaintiffs against defendants for personal injuries sustained by plaintiffs as the result of a dynamite explosion while they were guests in defendants' hotel. The suits were commenced on June 13, 1958, for personal injuries and damages claimed to have been sustained on April 30, 1954. The trial court granted defendants' motions to dismiss on the ground that the plaintiffs' actions were barred by the three-year statute of limitations. On appeal, the plaintiffs contended that the three-year period of limitation applied only to tort actions and not to actions brought in assumpsit even though based on tortious acts which are claimed to constitute the breach of contract. This Court refused to overrule *Coates* and, in comparing it with the actions before the Court, said (p 71): "whether brought in tort or assumpsit, these are actions to recover damages for injuries to person. Accordingly, the 3-year limitation applies."

It will be seen from this review of Michigan cases that this Court has experienced difficulty in interpreting the quoted provisions and applying them consistently. In *Stout, supra,* a more restrictive

statute was held to control. In *Szydelko, supra,* the statute was overlooked or ignored. In *Sweet, supra,* the statute was held not to apply. In *Soule, supra,* the statute was found to be applicable, but in *Hurst, supra,* a more restrictive statute was successfully invoked. In *Bay State Milling Co., Coates* and *Baatz, supra,* the statute was applied.

Nevertheless, it must be recognized, as pointed out by Chief Judge Levin in *C. W. Humphrey Co.* v. *Security Aluminum Co.* (ED Mich, 1962), 31 FRD 41, it became the position of this Court under the judicature act of 1915, exemplified by *Baatz, supra,* that in these types of cases it was the nature of the injury and not the nature of the cause of action which was the determinative factor.

The revised judicature act of 1961 made substantial changes in Michigan civil procedure. The judicature act of 1915 was repealed. The statutes on limitations were reorganized and rewritten. See chapter 58, being sections 5801 through 5869 of the act. The limits on actions to recover damages for injuries to persons or property are set forth in section 5805. CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805). New wording appears in section 5807 prescribing the limits on actions to recover damages for breach of contract. CLS 1961, § 600-.5807 (Stat Ann 1962 Rev § 27A.5807). For comparison, the two sections are reproduced in their entirety:

"Sec 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations is 2 years for actions charging assault, battery, and false imprisonment.

"(2) The period of limitations is 2 years for actions charging malicious prosecution.

"(3) The period of limitations is 2 years for actions charging malpractice.

"(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies.

"(5) The period of limitations is 2 years after the expiration of the year for which a constable was elected for actions based on his negligence or misconduct as constable.

"(6) The period of limitations is 1 year for actions charging libel or slander.

"(7) *The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.*"   (Emphasis added.)

"Sec 5807. No person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

"(1) The period of limitations on actions charging any surety on any bond of any executor, administrator, [or] guardian is 4 years after the discharge of the executor, administrator, or guardian.

"(2) The period of limitations is 10 years for actions founded upon bonds of public officers.

"(3) The period of limitations on actions founded upon bonds executed under sections 41.80 and 41.81 of the Compiled Laws of 1948, is 2 years after the expiration of the year for which the constable was elected.

"(4) The period of limitations is 10 years for actions founded upon covenants in deeds and mortgages of real estate.

"(5) The period of limitations is 2 years for actions charging any surety for costs.

"(6) The period of limitations is 2 years for actions brought on bonds or recognizances given on appeal from any court in this state.

"(7) The period of limitations is 10 years for actions on bonds, notes, or other like instruments which are the direct or indirect obligation of, or were issued by although not the obligation of, the state of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation in the state of Michigan.

"(8) *The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract.*" (Emphasis added.)

The intention of the joint committee on Michigan procedural revision is clear and explicit as shown by the committee comment which follows each section:

*"Section 5805 is a compilation of the limitations on the general tort remedies.* Existing time periods have been used.

*"Section 5807 states the periods of limitations relating to contract damage remedies* and extends their application to actions for specific performance of contracts." (Emphasis added.)

The deliberate nature of the enactment of a specific section in RJA dealing with limitations on the commencement of actions for a breach of contract is further emphasized by the retention in the act of the former general statutory six-year period, now appearing in section 5813 as follows:

"All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

The General Court Rules of 1963, adopted by this Court, were given an effective date of January 1,

1963 corresponding with the effective date of RJA. Among the procedural changes was the creation by Rule 12 of one form of action to be known as a "Civil Action" and the abolishment of technical forms of action or pleading by Rule 110.3. The Committee Comment explained the consequence of the latter rule in these words:

"It is to be understood that the abolition of the forms of action does not abolish the remedies thereunder. If a cause of action is stated in the complaint showing the pleader entitled to relief, the appropriate substantive remedy will remain, no matter if the action is labeled as to form or is merely designated as a civil action."

*Striker* v. *Martindale* (1964), 372 Mich 578, was decided by this Court after the 1961 RJA went into effect, although based upon a cause of action that accrued on October 22, 1959. Justice DETHMERS, in passing on the claim that the plaintiff's action for personal injuries, sustained in a hunting accident, was barred where the declaration contained allegations of negligence and also of assault and battery, wrote for a unanimous Court, except for BLACK, J., not sitting (p 581):

"The court should not give effect to defendant's effort to cut off plaintiff's cause of action with the sharp edge of the statute of limitations by embracing such language in the declaration, if any, as might constitute an allegation of assault and battery and rejecting or ignoring that which clearly alleges a negligence action. In determining whether the statute has run on plaintiff's cause of action he is entitled to the benefit of the allegations of a cause of action, if any, against which the statute has not run."

Since remedies remain, a plaintiff under a given factual situation may find that he has an election

as to which remedy he will pursue. In the present case, the Bakers and the Zimmermans, as owners of the dead cattle, conceivably had the option to sue the Cooperative for damages arising from the negligent operation of its electric facilities or to sue for damages arising from the breach of an implied agreement to furnish electricity in such form as to be safe and reasonably acceptable for the purposes for which intended. The remedy selected would affect the plaintiff's case—the elements of the claim, the character of the proof required, the measure of damages,[4] and the period of limitation for the commencement of the action.

Under the General Court Rules of 1963, the statutes of limitations become important in two instances—first, when raised as a defense, pled affirmatively pursuant to Rule 111.7 or by motion for accelerated judgment under Rule 116.1, and, second, in connection with amendments to pleadings as permitted by Rule 118.

Under Michigan Court Rules of 1945, it was the position of this Court that, where the statute of limitations was raised, amendments to the declaration would not be permitted if by such an amendment a new theory of liability or grounds for recovery were injected into the case, the Court concluding that a new cause of action was thereby

---

4 There is an important distinction in the measure of damages flowing from the responsibility for a tort and for breach of contract. The wrongdoer is answerable for all the injurious consequences of his tortious act which, according to the usual course of events and general experience, were likely to ensue and which, therefore, when the act was committed, he may reasonably be supposed to have foreseen and anticipated. 1 Sutherland on Damages (4th ed), p 171. In cases of breach of contract, the damages should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or, such as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made as the probable result of a breach thereof. *Hopkins* v. *Sanford* (1878), 38 Mich 611; *Howe* v. *North* (1888), 69 Mich 272; *Stewart* v. *Rudner* (1957), 349 Mich 459.

being stated.  See *Talbot* v. *Stoller* (1962), 366 Mich
296.   That position no longer prevails under the
General Court Rules of 1963.   In *LaBar* v. *Cooper*
(1965), 376 Mich 401, I wrote for a unanimous
court (p 407):

> "Under prior decisions, before adoption of the
> General Court Rules of 1963, we have generally
> followed the rule that an amendment which states
> a new cause of action is barred.  *Gorman* v. *Newaygo
> Circuit Judge,* 27 Mich 138, 140; *Michigan Central
> R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich 227;
> *Nugent* v. *Kent Circuit Judge,* 93 Mich 462, 463;
> *Wingert* v. *Wayne Circuit Judge,* 101 Mich 395, 397;
> *Bockoff* v. *Curtis,* 241 Mich 553, 558; *O'Rourke* v.
> *Deffenbaugh,* 280 Mich 407, 414, 415; *Talbot* v.
> *Stoller,* 366 Mich 296, 301.   However, in adopting
> new court rules it was our intention to depart from
> some of the strictures of the old rule and to permit
> an amendment which arises 'out of the conduct,
> transaction, or occurrence set forth or attempted to
> be set forth in the original pleading.'   GCR 1963,
> 118.4.   The test, therefore, is no longer whether an
> amendment states a new cause of action, but is
> whether it arises out of the conduct, transaction,
> or occurrence alleged in the original pleading sought
> to be amended.   From the effective date of the new
> court rules, the old rule cited in the cases imme-
> diately above was meant no longer to be followed.
> Accordingly, the new court rules govern in this
> case."

If a plaintiff can now amend his complaint under
the new court rules without regard to whether the
amendment states a new cause of action, it follows
that such amendment will not be barred by a statute
of limitations if the amended allegations disclose a
remedy that was available to the plaintiff when the
action was commenced.   If such a result can be ac-
complished through amendment to a complaint, it

must likewise be effective as to the allegations in the original complaint. In the instant appeal, the alleged damage occurred on May 10, 1961. The complaint in each case was filed on July 15, 1964. Each complaint seeks judgment for damages sustained from breach of contract. On the face of the complaints, plaintiffs are relying on a contract damage remedy which is now governed by section 5807 of the revised judicature act of 1961. It was not barred by the statute of limitations at the time the complaint was filed. The *Coates* and *Baatz Cases* relied on by Justice KELLY have no controlling application to this appeal because of statutory and court rule changes.

The Court of Appeals should be affirmed for the reasons stated in this opinion. Costs to appellees.

T. M. KAVANAGH and O'HARA, JJ., concurred with ADAMS, J.