PARRISH v B F GOODRICH COMPANY

1. LIMITATION OF ACTIONS—ACCRUAL OF ACTION—PERSONAL INJURIES.

A cause of action for damages arising out of a tortious injury to a person accrues when all the elements have occurred and can be alleged in a complaint; therefore, an action brought in Michigan for negligence resulting from an accident in Ohio due to an alleged defective tire purchased in Michigan accrued in Ohio and was barred by the Ohio two-year statute of limitations which will be applied by the Michigan courts, even though Michigan has a three-year statute of limitations for such a negligence action (MCLA 600.5805[7], 600.5861).

2. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—IMPLIED WARRANTY.

Complaints alleging breach of implied warranty, while an amalgam of tort and contract concepts, have been treated in Michigan as if they were grounded in negligence and not contract and a three-year statute of limitations has been typically applied (MCLA 600.5805[7]).

3. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—BREACH OF WARRANTY—ACCRUAL OF ACTION.

The language of the Uniform Commercial Code to the effect that a breach of warranty occurs at delivery should be used to determine *where* the cause of action accrued, not *when;* there has been a longstanding policy in Michigan that the statute of limitations should not expire before damage has been suffered, and that policy led to a statute which should be read as a *tolling* statute, unaffected by the subsequent language of the commercial code (MCLA 440.2725, 600.5833).

4. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—IMPLIED WARRANTY —ACCRUAL OF ACTION.

An action for breach of implied warranty of a tire purchased in Michigan which blew out and caused an accident and injuries in Ohio did not accrue in Ohio but in Michigan and is governed

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 135–137.
[2–4] 63 Am Jur 2d, Products Liability §§ 94, 95.

by the Michigan statute of limitations and not barred by the Ohio statute (MCLA 600.5805, 600.5861).

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 December 5, 1972, at Detroit. (Docket No. 14606.) Decided March 29, 1973. Leave to appeal granted, 390 Mich 779.

Complaint by Betty Parrish and Dorothy Fink against the B. F. Goodrich Company for negligence and breach of implied warranties. Accelerated judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Zeff & Zeff (Edward Grebs,* of counsel), for plaintiffs.

*Harvey, Kruse & Westen* (by *James N. Martin),* for defendant.

Before: Lesinski, C. J., and J. H. Gillis and Peterson,* JJ.

J. H. Gillis, J. Plaintiffs, Betty Parrish and Dorothy Fink, sued defendant, B. F. Goodrich Company, to recover for personal injuries sustained when a tire on plaintiff Parrish's vehicle blew out. Defendant, in a motion for accelerated judgment, contended that since the injuries occurred in Ohio, that state's two-year statute of limitations barred both plaintiffs' causes of action in Michigan. The trial court agreed. Plaintiffs appeal as of right. We reverse.

Plaintiffs' complaints are nearly identical and were filed March 10, 1972. They each allege two theories of liability arising out of the accident in question which occurred March 23, 1969, in Ohio. In the first count of each complaint plaintiffs

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged defendant negligently designed and manufactured the tire. The crucial paragraph in the second count of each complaint reads:

"That the defendant herein warranted in the design, manufacture, assembly, inspection and sale of the aforesaid tire, that such tire was fit for the ordinary and general purposes for which it was intended and was therefore of merchantable quality; and was also fit for the specific purpose for which it would be used."

The tire was purchased at an authorized retail outlet in Michigan more than three years prior to commencement of this suit, according to an affidavit of plaintiff Parrish filed below.

We are convinced the trial court correctly ruled the Ohio statute of limitations on actions to recover for personal injuries[1] barred plaintiffs' causes of action for negligence. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146 (1972), holds a cause of action for damages arising out of a tortious injury to a person *accrues* when all the elements have occurred and can be alleged in a complaint. Thus, plaintiffs' causes of action for negligence accrued when the accident occurred in Ohio. While suit was brought in Michigan, and generally our procedure would govern such a claim, MCLA 600.5861; MSA 27A.5861,[2] directs our attention to the Ohio statute of limitations, which bars the claim. See *Pusquilian v Cedar Point, Inc,* 41 Mich App 399 (1972).

---

[1] Ohio Rev Code, § 2305.10 provides: "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose".

See also *Andrianos v Community Traction Co,* 155 Ohio St 47; 97 NE2d 549 (1951).

[2] Michigan's version of the Uniform Statute of Limitations on Foreign Claims Act, in part provides: "(2) The period of limitation applicable to a claim *accruing outside of this state* shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim". (Emphasis supplied.)

However, plaintiffs' allegations of breach of implied warranties is not readily amenable to the same summary analysis. The difficulty in determining where such a cause of action accrues is due in large part to historical difficulty in determining whether it sounds in tort or contract. The problem is aggravated by the addition of the Uniform Commercial Code. As Professor Prosser writes:

"The adoption of this particular device [implied warranty theory] was facilitated by the peculiar and uncertain nature and character of warranty, a freak hybrid born of the illicit intercourse of tort and contract. 'A more notable example of legal miscegenation could hardly be cited than that which produced the modern action for breach of warranty. Originally sounding in tort, yet arising out of the warrantor's consent to be bound, it later ceased necessarily to be consensual, and at the same time came to lie mainly in contract.' " Prosser, *The Assault Upon the Citadel (Strict Liability to the Consumer)*, 69 Yale L J 1099, 1126 (1960).

To the extent characterization of a warranty theory into a niche of named form of action is necessary[3] to determine where it accrued, we first make it clear that, as a procedural matter, the law of Michigan applies. *Levine v Levine*, 209 F Supp 564 (D Del, 1962); *Willard v Wood*, 135 US 309; 10 S Ct 831; 34 L Ed 210 (1890); *Marks v Kindel*, 41 F2d 584 (CA 6, 1930). See also Restatement, Conflict of Laws, § 587, p 703.

Michigan has treated actions for breach of warranty seeking recovery for personal injury as sounding in tort.

"The implied warranty, so-called, * * * is in the nature of a representation that the highest degree of care has been exercised and a breach of such duty

---

[3] "The forms of action we have buried, but they still rule us from their graves." Maitland, *The Forms of Action at Common Law*, p 1.

inflicting personal injury is a wrong in the nature of a tort and not a mere breach of contract * * * . Except in name and to establish privity between the manufacturer and the ultimate consumer it is the same thing as negligence." *Hertzler v Manshum,* 228 Mich 416, 423 (1924). (Food stuffs.)

While we note that suits, such as this, alleging product liability on warranty theory are really an amalgam of tort and contract concepts, *Cova v Harley Davidson Motor Co,* 26 Mich App 602, 615 (1970), our Supreme Court has typically applied a three-year statute of limitation[4] to claims seeking recovery for personal injury, as if they were grounded in negligence and not contract. *State Mutual Cyclone Insurance Co v O & A Electric Cooperative,* 381 Mich 318 (1968); see also *Spence v Three Rivers Builders & Masonry Supply, Inc,* 353 Mich 120 (1958).

In this regard MCLA 600.5833; MSA 27A.5833, provides:

"In actions for damages based on breach of a warranty of quality or fitness the claim *accrues at the time* the breach of the warranty is discovered or reasonably should be discovered." (Emphasis supplied.)

Rote application of *Connelly v Paul Ruddy's Equipment Repair & Service Co, supra,* would dictate that plaintiffs' causes accrued when the injury was inflicted in Ohio.

However, the adoption of the Uniform Commercial Code[5] in Michigan presents a different aspect and is urged to be controlling by plaintiffs. The allegations of warranty liability in this case are grounded in the language of the commercial code. See MCLA 440.2314; MSA 19.2314 (implied war-

---

[4] MCLA 600.5805(7); MSA 27A.5805(7).

[5] MCLA 440.1101 *et seq.;* MSA 19.1101 *et seq.*

ranty of merchantability); MCLA 440.2315; MSA 19.2315 (implied warranty of fitness for particular purpose). Plaintiffs contend their causes of action accrued in Michigan pursuant to MCLA 440.2725; MSA 19.2725, which, in part, provides:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made,* except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." (Emphasis supplied.)

We are cited to no Michigan case holding MCLA 440. 2725, *supra,* applicable to a personal-injury products liability case. We note that the intent of the drafters of the Uniform Commercial Code to make uniform the laws of the several states has been frustrated in this particular instance.[6]

---

[6] *Layman v Keller Ladders, Inc,* 224 Tenn 396; 455 SW2d 594 (1970), applies the four-year limitation period from the code which runs from the point when delivery is made; *Heavner v Uniroyal, Inc,* 118 NJ Super 116; 286 A2d 718 (1972), in spite of a four-year period in the commercial code, applies a two-year limitation period for breach of warranties resulting in personal injury; *Stanford v Lesco Associates, Inc,* 10 UCC Rptr 812 (D DC, 1972) applies the code four-year limitation period which runs from the date of purchase; *Hoffman v A B Chance Co,* 339 F Supp 1385 (MD Pa, 1972) holds a cause for breach of warranty accrues at delivery and applies the four-year limitation period of the commercial code; *Mahalsky v Salem Tool Co,* 461 F2d 581 (1972), applies Ohio's two-year statute of limitation for personal injury in breach of warranty actions where no privity of contract exists between the parties; *but see Ohio Brass Co v Allied Products Corp,* 339 F Supp 417; 10 UCC Rptr 656 (ND Ohio, 1972) which applies the four-year limitation period applicable to warranty actions where recovery is sought for contract damages.

We also note that the enactment of the commercial code, effective in Michigan on January 1, 1964, did not operate to repeal MCLA 600.5833, *supra.* See MCLA 440.9991; MSA 19.9991, and MCLA 440.9992; MSA 19.9992. Therefore, reconciliation of the two statutes is in order.

MCLA 440.2725, *supra,* also provides:

"(4) This section does not alter the law on *tolling of the statute of limitations* * * * ." (Emphasis supplied.)

We think the language of the commercial code to the effect that a breach of warranty occurs at delivery should be used to determine *where* the cause of action accrued, not when. There has been a longstanding policy in Michigan that the statute of limitations should not expire before damage has been suffered. *Felt v Reynolds Rotary Fruit Evaporating Co,* 52 Mich 602 (1884). That policy led to the enactment of MCLA 600.5833, *supra,* which now should be read as a *tolling* statute, unaffected by the subsequent language of the commercial code. The effect of such an interpretation leads to the conclusion that the causes of action in this case accrued in Michigan where the potential liability for breach of warranty occurred, but that the limitation period did not begin to run until the damage was suffered.

Under this interpretation we need not decide whether the limitation period in causes of action seeking recovery for personal injury on breach of warranty theory is three years according to *State Mutual Cyclone Insurance Co, supra,* or four years, according to MCLA 440.2725, *supra,* since plaintiffs filed their complaints within three years of discovery of the breach.

The complaint filed by plaintiff Fink alleges she was a passenger in the Parrish vehicle when her

injuries were sustained. Whether she is within the ambit of MCLA 440.2318; MSA 19.2318, we do not now decide. Nor do we attempt to determine whether Ohio has repudiated its rule on breach of warranty actions requiring privity of contract between parties seeking operation of Ohio's version of the Uniform Commercial Code. See, *e.g., United States Fidelity & Guaranty Co v Truck & Concrete Equipment Co,* 21 Ohio St 2d 244; 257 NE2d 380 (1970); *Mahalsky v Salem Tool Co,* 461 F2d 581 (CA 6, 1972). All we hold is that, in this case, the plaintiffs' remaining causes of action for breach of warranty, *as alleged,* did not accrue outside this state within the meaning of MCLA 600.5861, *supra,* and hence, are not barred by the Ohio statute of limitations.

Reversed and remanded. Costs to plaintiffs.

All concurred.