WALDRON v ARMSTRONG RUBBER COMPANY

1. LIMITATION OF ACTIONS—NEGLIGENCE—PERSONAL INJURIES—ACCRUAL OF ACTION—CONFLICT OF LAWS—STATUTES.

   The shorter Indiana two-year statute of limitations applicable to actions to recover for personal injuries was properly applied with respect to a plaintiffs' claim alleging common-law negligence, where the cause of action accrued in Indiana, the place of injury (MCLA 600.5861).

2. LIMITATION OF ACTIONS—PRODUCTS LIABILITY—BREACH OF WARRANTY—CONFLICT OF LAWS—CHARACTERIZATION OF ACTIONS—STATUTES.

   To the extent that characterization of a cause of action is necessary to determine which of two arguably applicable foreign statutes of limitations governs, as a procedural matter, the law of Michigan applies; therefore, a cause of action for breach of warranty to recover damages for injuries received in an accident in Indiana occasioned by a defective tire sounded in tort, in accordance with Michigan precedent, and a two-year Indiana statute of limitations applicable to actions to recover for personal injuries applied (MCLA 600.5861).

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 May 7, 1974, at Detroit. (Docket Nos. 17327, 17328.) Decided June 26, 1974. Leave to appeal granted, order vacated, and remanded to the Court of Appeals for reconsideration applying Indiana law, 393 Mich —.

Complaint by Lester K. Waldron and Ramona Waldron against Armstrong Rubber Company and Sears, Roebuck & Company for damages resulting from a defective tire. Complaint by Accidental Fire & Casualty Company of North Carolina, as a subrogee, against Armstrong Rubber Company and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 66, 71, 75.
   Construction, application, and effect of statute of forum which admits bar of statute of limitation of other state. 75 ALR 203, s. 149 ALR 1224.

Sears, Roebuck & Company for reimbursement. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Kiefer, Allen & Ryan (Demetre J. Ellias,* of counsel), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *B. I. Stanczyk* and *Sarah Wildgen Sweet),* for defendants.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

McGREGOR, J. Plaintiffs appeal as of right from a trial court order of May 24, 1973, granting defendants' motion for accelerated judgment on the basis that plaintiffs' "claim is barred because of * * * [the] statute of limitations". GCR 1963, 116.1(5). We affirm.

This products liability suit arises out of an accident which was allegedly caused by a defective tire manufactured by defendant Armstrong Rubber Company and sold by defendant Sears, Roebuck & Company. Each plaintiff's complaint contained three counts: negligence, breach of express warranty, and breach of implied warranties of fitness and merchantability. Plaintiffs alleged that on or about August 27, 1968, a truck tire was purchased by Robert E. Crakes, from defendant Sears, Roebuck & Company, in Michigan City, Indiana. The truck tire was purchased for a 1963 International tractor used to haul a Fruehauf trailer. On July 15, 1969, plaintiff Lester K. Waldron was operating the tractor in the State of Indiana when the left front tire blew out, causing him to lose control

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of the tractor-trailer. At the time of the accident, the tire was approximately 1 year old and had an estimated cumulative mileage of 75,000 miles. Although the only apparent connection between the accident and the State of Michigan is the fact that plaintiffs reside in Union Pier, suit was filed in Wayne Circuit Court on July 6, 1972, in both cases.[1] On July 7, 1972, defendants filed answers in which they raised the affirmative defense of the statute of limitations. Thereafter, a motion for accelerated judgment was filed which alleged that the statute of limitations had expired because plaintiffs' cause of action was barred by the two-year statute of limitations of Indiana. On May 24, 1973, defendants' motions for accelerated judgment as to all counts were granted by the trial court.

The sole issue before us is whether the trial court erred in ruling that the two-year Indiana statute of limitations applicable to claims for personal injuries bars plaintiffs' cause of action.

With respect to plaintiffs' claim of negligence, the cause of action accrued in Indiana, where the injury was sustained. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). Thus, the shorter Indiana two-year statute of limitations applicable to actions to recover for personal injuries applies. MCLA 600.5861; MSA 27A.5861. Accordingly, with respect to plaintiffs' counts alleging common-law negligence, the trial court was correct in granting defendants' motion for accelerated judgment, on the basis of the statute of limitations. See *Parrish v B F Goodrich Co,* 46 Mich App 85; 207 NW2d 422 (1973).

---

[1] Defendants have not contended, either here or in the court below, that Michigan lacks jurisdiction over them with respect to plaintiffs' action.

The propriety of accelerated judgment with respect to plaintiffs' allegations of breach of implied warranty poses conceptual difficulties requiring a more detailed analysis.

Preliminarily, it must be recalled that the Michigan borrowing statute, cited above, provides that where an action accrues in a foreign jurisdiction and suit is instituted here, the statute of limitations of the jurisdiction which bars the action is applied. Since delivery of the allegedly defective tire in this case took place in Indiana, plaintiffs' cause of action accrued there (MCLA 440.2725[2]; MSA 19.2725[2]; *Parrish v Goodrich Co, supra)* and the borrowing statute applies.

Let us now assume, as plaintiffs contend, that Indiana applies a four-year statute of limitations to actions brought to recover for personal injuries sustained as the result of a seller's breach of an implied warranty. Michigan, of course, applies its general three-year statute of limitations (MCLA 600.5805[7]; MSA 27A.5805[7]), to actions instituted to recover for personal injuries, irrespective of whether the action is predicated upon common-law negligence or breach of warranty. *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968). This is so, because "Michigan has treated actions for breach of warranty seeking recovery for personal injury as sounding in tort". *Parrish v Goodrich Co, supra,* 88. With these considerations in mind, the problem is apparent: if the Michigan trial court, in accordance with Michigan precedent, characterizes the action as sounding in tort, and then applies the borrowing statute, the shorter two-year Indiana statute of limitations governing tort claims bars the suit. However, if the trial court first applies the borrowing statute and then character-

izes the action under Indiana law, as subject to the four-year Indiana statute of limitations, the shorter three-year Michigan statute arguably allows maintenance of the suit. The question thus refined becomes whether the nature of the action is characterized by the law of the forum (Michigan) or the law of the place of the injury (Indiana).

The nature of the problem is made clearer and a possible solution suggested by the following quotation from 16 Am Jur 2d, Conflict of Laws, § 3, pp 8–10:

"In a conflict of laws situation, a court must determine at the outset whether the problem presented to it for solution relates to torts, contracts, property, or some other field, or to a matter of substance or procedure, in order to refer to the appropriate law; that is, the court initially must, whether consciously or not, go through the process of determining the nature of the problem, because otherwise it will not know which choice-of-law rule to apply to the case. This process is generally called 'characterization,' and sometimes 'classification' or 'qualification,' but it has not very often been articulated by the courts. On occasion the court may be faced with the further question as to whether the characterization should be made by the law of the forum or by the law of the other state with which the problem to be resolved is connected. According to which course the court follows, the choice of law as well as the outcome of the litigation may differ, as for instance where the facts are regarded by the law of the forum as involving the question of contract, but by the law of the other state as a question of tort, where the laws of the two states differ as to the meaning of a connecting factor, such as domicil or place of contracting, or where the views of the forum and the other state differ as to whether the applicable foreign law selected by the forum should be regarded as substantive or procedural. The courts for the most part have shown no express awareness of the problem, but in a few instances they have said that in deciding how a matter should be

characterized for conflict of laws purposes the law of the forum should control, or that the characterization of actions should be made in accordance with the law of the forum. One apparent exception to this view is that the law of the situs of tangible property determines whether it is to be classified or characterized as real or personal property." (Footnotes omitted.)

In *Parrish v B F Goodrich Co, supra,* 88, this Court noted that:

"To the extent characterization of a warranty theory into a niche of named form of action is necessary to determine where it accrued, we first make it clear that, as a procedural matter, the law of Michigan applies." (Footnote omitted.)

Likewise, in this case, we hold that, to the extent that characterization is necessary to determine which of two arguably applicable foreign statutes of limitations governs, as a procedural matter, the law of Michigan applies. Accordingly, plaintiffs' cause of action for breach of warranty sounded in tort and the two-year Indiana statute of limitations barred suit. The trial court did not, therefore, err in granting defendants' motions for acclerated judgment.

Affirmed.

All concurred.