**Jacob ROUNDHOUSE and Jay Roundhouse, a partnership d/b/a Roundhouse Trout Ranch and Robinett Trout Pond, Plaintiffs,**

**v.**

**OWENS–ILLINOIS, INC., an Ohio Corporation, Defendant.**

**No. K 107–71.**

United States District Court, W. D. Michigan, S. D.

Sept. 19, 1975.

Richard C. Walsh, Joseph J. Jerkins, Kalamazoo, Mich., for plaintiffs.

Eugene F. Townsend, Jr., Lansing, Mich., for defendant.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

MILES, District Judge.

On July 7, August 11 and October 5, 1967, plaintiff, who is in the business of growing and marketing fish, purchased trout from defendant, taking delivery of same at defendant's Castalia Farms, Ohio operation. Within a year, according to the plaintiff, the fish had become infected with "whirling disease." Subsequently, on September 30, 1971, plaintiff filed this suit based on diversity jurisdiction. Plaintiff seeks $750,000 as damages for the loss of income and loss of business reputation which allegedly came about as a result of the diseased fish. The case is presently before the Court on defendant's motion for summary judgment based on Michigan statute of limitations law.

Viewed by themselves, defendant's supporting briefs raise a fully self-sufficient analysis which argues rather

strongly for the proposition that this suit is barred by the Ohio two year statute of limitations on actions for injury to persons or property (Ohio Revised Code § 2305.10) applied here by means of the Michigan "borrowing statute." (M.C.L.A. § 600.5861, M.S.A. § 27A.-5861). Defendant opens his argument with the assertion that under Michigan law it is the nature of the injury, rather than the theory of recovery, which determines how the case is characterized for limitations purposes. *Rach v. Wise*, 46 Mich.App. 729, 208 N.W.2d 570 (1973); *Nelson v. Michigan Bean Co.*, 22 Mich.App. 540, 177 N.W.2d 655 (1970), and that when dealing with a claim that accrued in a foreign jurisdiction, characterization of that claim is done according to Michigan law. *Parrish v. B. F. Goodrich Co.*, 46 Mich.App. 85, 207 N.W.2d 422 (1973).

Analogizing this situation to those of *Nelson v. Michigan Bean Co.*, supra (loss of pigs); *State Mutual Cyclone Ins. Co. v. O & A Electric Co.*, 381 Mich. 318, 161 N.W.2d 573 (1968) (electrocution of cattle), defendant next argues that under Michigan law, this case would be considered as one involving "injury to persons or property," and to which the tort statute of limitations found in M.C.L.A. § 600.5805(7), M.S.A. § 27A.5805(7) would apply. With regard to this argument, see also *Schenburn v. Lehner Assoc.*, 22 Mich.App. 534, 177 N.W.2d 699 (1970); *Fries v. Holland Hitch Co.*, 12 Mich.App. 178, 162 N.W.2d 672 (1968); *Borman's Inc. v. Lake State Development Co.*, 60 Mich.App. 175, 230 N.W.2d 363 (1975).

Defendant next directs attention to the Michigan "borrowing statute," M.C.L.A. § 600.5861, M.S.A. § 27A.5861, which reads in pertinent part:

(1) As used in this section, "claim" means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

(2) The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

The Michigan tort statute of limitations, cited above, reads:

No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

．　　．　　．　　．　　．　　．

(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property.

The Ohio statute (Baldwin's Ohio Rev.Code Ann. § 2305.10) states:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

On this basis, defendant concludes that a Michigan court, and therefore this Court here, would apply the shorter Ohio statute thus barring plaintiff's claim.

Defendant summarizes this analysis on page 9 of his brief:

1. Determine the forum state. Here the forum is Michigan.

2. Characterize the action with respect to the forum jurisdiction. Michigan regards actions for property damage as sound in tort, regardless of the form of action.

3. Find the tort statute of limitation for both the forum and state of accrual. Michigan limits actions for damage to property three years after accrual. Ohio bars similar claims sounding in tort in two years.

4. Apply the Michigan "borrowing" statute. This statute requires that this

Court choose that statute of limitations which would bar the claim.

5. The controlling two year Ohio statute bars all of Plaintiff's claims since those claims accrued more than three years before the instant suit was filed.

Cited as illustrative of the correct analytical process in a situation "procedurally identical to the instant case," is *Waldron v. Armstrong Rubber Co.*, 54 Mich.App. 154, 220 N.W.2d 738 (1974). In that case, plaintiff filed suit in Michigan alleging breaches of express and implied warranties with regard to an allegedly defective tire purchased in Indiana. The Court at p. 739 of 220 N.W.2d saw its task in this way.

The sole issue before us is whether the trial court erred in ruling that the 2-year Indiana statute of limitations applicable to claims for personal injuries bars plaintiffs' cause of action.

In confronting this problem, the Court utilized substantially the methodology urged upon us now by defendant, stating at pp. 739–741:

Preliminarily, it must be recalled that the Michigan borrowing statute, cited above, provides that where an action accrues in a foreign jurisdiction and suit is instituted here, the statute of limitations of the jurisdiction which bars the action is applied. Since delivery of the allegedly defective tire in this case took place in Indiana, plaintiffs' cause of action accrued there (M.C.L.A. § 440.2725[2]; M.S.A. § 19.2725[2]; *Parrish v. Goodrich Co., supra*) and the borrowing statute applied.

■■■ Let us now assume, as plaintiffs contend, that Indiana applies a 4-year statute of limitations to actions brought to recover for personal injuries sustained as the result of a seller's breach of an implied warranty. Michigan, of course, applies its general 3-year statute of limitations (M.C.L.A. § 600.5805[7]; M.S.A. § 27A.-5805[7]), to actions instituted to recover for personal injuries, irrespective of whether the action is predicated upon common-law negligence or breach of warranty. *State Mutual Cyclone Ins. Co. v. O. & A. Electric Cooperative,* 381 Mich. 318, 161 N.W. 2d 573 (1968). This is so, because "Michigan has treated actions for breach of warranty seeking recovery for personal injury as sounding in tort". *Parrish v. Goodrich Co., supra,* 46 Mich.App. [85] 88, 207 N.W.2d [422], 424. With these considerations in mind, the problem is apparent: if the Michigan trial court, in accordance with Michigan precedent, characterizes the action as sounding in tort, and then applies the borrowing statute, the shorter 2-year Indiana statute of limitations governing tort claims bars the suit. However, if the trial court first applies the borrowing statute and then characterizes the action under Indiana law, as subject to the 4-year Indiana statute of limitations, the shorter 3-year Michigan statute arguably allows maintenance of the suit. The question thus refined becomes whether the nature of the action is characterized by the law of the forum (Michigan) or the law of the place of the injury (Indiana).

. . . . . .

Likewise, in this case, we hold that, to the extent that characterization is necessary to determine which of two arguably applicable foreign statutes of limitations governs, as a procedural matter, the law of Michigan applies. Accordingly, plaintiffs' cause of action for breach of warranty sounded in tort and the 2-year Indiana statute of limitations barred suit. The trial court did not, therefore, err in granting defendants' motions for accelerated judgment.

Affirmed.

As an alternative to this analysis, and on the assumption that this Court might reject the *Waldron* analysis, defendant contends this complaint is still barred.

In this formulation, the cause would be first characterized under Ohio law. This would result in calling the case a warranty case. Next the "borrowing statute" would be applied to the applicable Michigan and Ohio laws. Here defendant contends that the shorter three year limitation in Michigan would have to be utilized rather than the 4 year Ohio statute, and that therefore the cause would still be barred.

Although initially appealing, these arguments, when viewed in the wider context, raise problems for a Federal court sitting in diversity jurisdiction. The first is the current state of the Michigan law on this question. The *Waldron* case, cited at length above, has been vacated and remanded by the Michigan Court (393 Mich. 760, 223 N.W.2d 295, 296 (1974) with the following instructions:

> We remand to the Court of Appeals for reconsideration and determination of whether under the law of Indiana the four-year limitation established by UCC § 2–725 or Indiana's two-year limitation, applicable to actions for injuries to persons or property, governs. Cf. *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964); *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412 (1973).

Since this decision, no opinion on remand has issued from the Court of Appeals. In addition, it should be noted that *Parrish v. B. F. Goodrich,* supra, is currently on appeal before the Michigan Supreme Court, and no opinion has yet issued on the case.

Secondly, and probably more important, none of the cited cases directly address the applicability of the Uniform Commercial Code statute of limitations contained in U.C.C. § 2–725. This Section, enacted in Michigan as M.C.L.A. § 440.2725, M.S.A. § 19.2725, effective January 1, 1964 provides:

> (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original

agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warrant explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

> (3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within 6 months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

> (4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective.

This problem, however, has been tackled, although in a somewhat different factual context, by the Court of Appeals for the Sixth Circuit in *Reid v. Volkswagen of America, Inc.,* 512 F.2d 1294 (6th Cir. 1975). There, in a products liability suit arising out of personal injuries sustained on account of an allegedly defective automobile, the Court acknowledged at p. 1294 that this case:

> " . . . requires us to decide this close, complicated and undecided question of Michigan law. It also requires us to risk 'the hazards of prophecy' as to how the Michigan Supreme Court will ultimately decide the same issue."

After sketching the unsettled state of Michigan law and setting forth the law on this issue in a number of other

states, the Court concluded on p. 1297 that:

"While the question is a close one, this court believes the Michigan Supreme Court would adopt the Uniform Commercial Code limitation in the present situation."

The Court went on to enumerate the reasons behind this decision, and a number of them deserve scrutiny:

2) The plain language of Michigan's Uniform Commercial Code limitation section encompasses plaintiff's case. *See* M.C.L.A. § 440.2715 (1967) and M.C.L.A. § 440.2725 (1967) as quoted above.

3) The Michigan Uniform Commercial Code's limitation section was adopted to be effective January 1, 1964, subsequent to the general limitation section which was adopted effective January 1, 1963, and hence, should be regarded as having amended it (by implication) as it pertains to warranty actions. *See* 1962 Mich.Pub. Acts, No. 174 § 2725, *and* Michigan's Revised Judicature Act of 1961, 1961 Mich.Pub.Acts, No. 236, § 5805.

4) The Michigan Uniform Commercial Code limitation is specific as opposed to the general limitation statute, and hence, should be given effect. *Val Decker Packing Co. v. Corn Products Sales Co.*, 411 F.2d 850, 854 (6th Cir. 1969); *Sinka v. Northern Commercial Co.*, 491 P.2d 116, 119 (Alaska 1971); *Redfield v. Mead, Johnson & Co.*, 512 P.2d 776, 780 (Or.1973).

5) Generally the courts (absent a showing of prejudice on the part of defendant) tend to favor the longer of two limitation statutes. *See, e. g., Striker v. Martindale*, 372 Mich. 578, 581, 127 N.W.2d 306 (1964); *Crawford County Trust & Savings Bank v. Crawford County*, 66 F.2d 971 (8th Cir. 1933); *Reid v. Doubleday & Co.*, 109 F.Supp. 354 (N.D.Ohio 1954).

6) Although nationwide the courts are divided on whether a state tort limitation statute or the Uniform Commercial Code limitation statute prevails, we believe the Uniform Commercial Code statute is the only uniform statute possible and that adoption of its limitation will favor uniformity amongst the states in an important area of commercial law. The Michigan Uniform Commercial Code itself states this principle: Id.

After careful consideration of the above line of reasoning, this Court concludes that it applied with equal force in this case. First, it should be noted that this case, like *Reid*, involves allegations of the breach of express and implied warranties of merchantability and fitness for use. In addition, both Michigan and Ohio have enacted the U.C.C., including this statute of limitations. This Court therefore feels that the "prophecy" of the *Reid* case exerts controlling influence here also.

Accordingly, for the reasons set forth above, defendant's motion for summary judgment must be denied.

It is so ordered.